# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Takonix Incorporated,
a Minnesota corporation,

          Plaintiff,

v.

BrakeAway Products, Inc.,
an Oregon corporation,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-3987 ADM/JJG

---

Kathryn Smith, Esq., Sherill Law Offices, PLLC, White Bear Lake, MN, on behalf of Plaintiff.

Jeffrey Brown, Esq., Jeffrey Brown PLLC, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

In this action Plaintiff Takonix, Incorporated, a Minnesota corporation ("Takonix") seeks a declaration of invalidity and non-infringement of a patent licensed to Defendant BrakeAway Products, Inc., an Oregon corporation ("BrakeAway"). The patent addresses a type of "cruise control" for motorcycles.

## II. BACKGROUND

On February 1, 2011, the undersigned United States District Judge heard oral argument on BrakeAway's Motion [Docket No. 4] to dismiss this action for lack of personal jurisdiction and for failure to join the patent owner, BrakeAway's President, Bryan Fechner. In BrakeAway's view, Fechner is a necessary and indispensable party. For the following reasons, the Motion is denied without prejudice, and Takonix may take limited jurisdictional discovery.

## III. DISCUSSION

### A. Personal Jurisdiction

District courts apply the law of the Federal Circuit, rather than that of the regional circuits, to determine whether personal jurisdiction is appropriate in patent infringement cases. Red Wing Shoe Co., Inc. v. Hockerson-Halbertstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). When personal jurisdiction is based on affidavits and other written materials, rather than an evidentiary hearing, a plaintiff need only make a prima facie showing that defendant is subject to personal jurisdiction. Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1328-29 (Fed. Cir. 2008).

Here, Takonix claims that BrakeAway is subject to general jurisdiction in Minnesota. General jurisdiction requires contacts with Minnesota that are "continuous and systematic." Trintec Indus., Inc., v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005) (citations omitted). Takonix alleges that BrakeAway "transacts business within the State of Minnesota, and operates an interactive web site which is directed to residents of the State of Minnesota, through which Minnesota consumers can review detailed information about BrakeAway, can purchase BrakeAway products, and can exchange electronic mail with BrakeAway." Compl. ¶ 5. Takonix has also submitted evidence that BrakeAway's website enables direct sales to consumers in Minnesota and elsewhere, and that it directs viewers to a network of brick-and-mortar authorized dealers, fifteen of whom are located in Minnesota. Smith Aff., ¶ 8 and Ex. D. One of these dealers sold the product covered by the patent at issue to a consumer in Minnesota on January 10, 2011. Strom Decl., ¶¶ 8-12 and Ex. B. Another was

purchased from a Minnesota retailer not listed on the website on January 8, 2011. Strom Decl. ¶¶ 3-7 and Ex. A.

Two sales in Minnesota are not "continuous and systematic" contacts; however, the record at this stage is sparse, and BrakeAway has not supported its motion with any evidence tending to dispute Takonix's allegations. With limited jurisdictional discovery, Takonix may establish facts to support general jurisdiction based on BrakeAway's contacts with Minnesota.

**B.** **Necessary and Indispensable Party**

BrakeAway also argues the patent owner, Bryan Fechner, is a necessary and indispensable party who has not been joined. Takonix conceded at oral argument that Fechner does not appear to be subject to jurisdiction in Minnesota, and that if he is a necessary and indispensable party this action should be dismissed.

The parties agree BrakeAway is a licensee of the patent, and not the patent owner. Whether a patent owner is also "necessary and indispensable" to a lawsuit, as contemplated in Federal Rule of Civil Procedure 19, requires a determination of exactly what rights the patent owner transferred to the licensee. If Fechner assigned the entire patent to BrakeAway, or transferred to BrakeAway "all substantial rights" under the patent, then Fechner need not be joined. See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 873-74 (Fed. Cir. 1991); Dow Chem. Co. v. Exxon Corp., 139 F.3d 1470, 1479 (Fed. Cir. 1998). If only limited rights were transferred, Takonix may be obliged to name Fechner as a defendant. See A123 Sys., Inc. v. Hydro-Quebec, 626 F.3d 1213, 1217 (Fed. Cir. 2010). "To determine whether a provision in an agreement constitutes an assignment or a license, one must ascertain the

intention of the parties and examine the substance of what was granted." Vaupel Textilmaschinen, 944 F.2d at 874.

The agreement between Fechner and BrakeAway has not been produced, and without reviewing it, there is no way to determine whether Fechner is a necessary party. Accordingly, Takonix is permitted limited jurisdictional discovery to determine the substance and nature of the patent rights transferred by Fechner to BrakeAway.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. BrakeAway's Motion to Dismiss [Docket No. 4] is **DENIED WITHOUT PREJUDICE**;

2. Takonix may conduct limited jurisdictional discovery into (1) BrakeAway's business activities in Minnesota; and (2) the scope and nature of the patent rights Fechner has licensed to BrakeAway. BrakeAway is limited to one deposition, 3 document requests, 5 interrogatories and 5 requests for admission. All discovery is to be completed no later than March 15, 2011.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 4, 2011.